UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANNE BRUSH,

    Plaintiff,

                                            Case No. 24-11495

v.

                                            F. Kay Behm

GROSSE POINTE PUBLIC                 U.S. District Judge
SCHOOL SYSTEM, *et al.*,

    Defendants.
_____/

## ORDER OVERRULING OBJECTIONS (ECF No. 46)

    A.    Procedural History

Defendant Cotton filed a motion to stay discovery, pending a decision on the motion to dismiss Cotton also filed, which invoked qualified and legislative immunity. (ECF No. 30). This motion was referred to Magistrate Judge Curtis Ivy, Jr. for hearing and determination. (ECF No. 17). Judge Ivy granted the motion to stay in part, finding it appropriate to stay discovery as to Defendant Cotton, the only Defendant who moved for the stay and who had also filed a motion to dismiss based on immunity. (ECF No. 42). Judge Ivy reasoned that while Cotton had move to dismiss based on immunity, the other Defendants had not so moved, so there was no pending basis for the court to grant the immunity to those other defendants – which was the basis for Cotton's motion. *Id*.

Defendants filed an objection to the order (ECF No. 46) and Plaintiff filed a response to the objection (ECF No. 50). For the reasons explained below, the court **OVERRULES** the objection, **AFFIRMS** the Magistrate Judge's decision.

B. <u>Standard of Review</u>

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statutes, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream*

*Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

C.  Objection

Defendants object to the Magistrate Judge's conclusion that discovery should only be stayed as to Cotton.  According to Defendants, Cotton's motion to dismiss and to stay discovery provide a sufficient legal basis to extend the stay to all Defendants.  Defendants argue that Cotton's defenses of qualified and legislative immunity directly impact them and that, contrary to Judge Ivy's decision, they raised these defenses in their answer to the complaint.  They further point to the motion to dismiss raising these defenses that they filed *after* Judge Ivy issued his decision.  Defendants' arguments illustrate that Judge Ivy's decision was based on the exercise of his discretion.  They point to no error of law. It is well-established that magistrate judges "have broad discretion to regulate nondispositive matters[.]"  *Sherrod v. Enigma Software Grp. USA, LLC*, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006)).  Reversal is warranted only if that discretion is abused. *Id*.  "An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of

3

fact." *Arucan v. Cambridge E. Healthcare/Sava Seniorcare LLC*, 2018 WL 272244, at *1 (E.D. Mich. Jan. 3, 2018) (citing *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993)); *see also* 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

As the Sixth Circuit explained, in *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020), "[i]t is up to the district court to take qualified immunity into account when developing its discovery plan."  Judge Ivy's decision to stay the matter as to Cotton only stands on firm legal ground, given the obvious difference in the procedural posture as to Cotton – who had filed his motion to dismiss on immunity grounds and who filed a motion to stay – and the other Defendants – who had not filed either a motion to stay or a motion to dismiss on immunity grounds at the time of Judge Ivy's decision.  Defendants have not cited any authority standing for the proposition that it is an abuse of discretion to deny a stay where the parties seeking the stay have not so moved and have only raised immunity as a defense in their pleadings, instead of via motion.  The court finds no abuse of discretion in requiring each defendant to have moved to stay discovery and for each defendant to have filed a dispositive motion asserting immunity in order to justify imposing a stay of discovery.

4

Defendants having subsequently moved to dismiss the complaint on immunity grounds does not change this result because that motion was not pending when Judge Ivy issued his decision. The filing of the motion does not render Judge Ivy's decision clearly erroneous. Instead, Defendants' remedy, having now filed their motion to dismiss on immunity grounds, is to file a motion to stay discovery so that Judge Ivy may issue a decision on the merits of their request.

D. Conclusion

The court finds that that decision whether to stay discovery was well within the Magistrate Judge's discretion. His decision was not clearly erroneous and he did not abuse his discretion; thus, the Objection is **OVERRULED**.

**SO ORDERED**.

Date: August 29, 2025                     s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge